

RECEIVED

SEP 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

CONVERA CORPORATION
1921 Gallows Road
Suite 200
Vienna, VA 22182,

               Plaintiff,

v.

VERITY, INC.

               Defendant.

Case: 1:07-mc-00373
Assigned To : Robertson, James
Assign. Date : 9/24/2007
Description: Miscellaneous

**ORAL ARGUMENT REQUESTED**

## CONVERA'S MOTION TO ENFORCE ITS SUBPOENA TO VERITY, INC.

Plaintiff, Convera Corporation hereby moves, pursuant to Fed. R. Civ. P. 45, for the reasons stated in the memorandum in support of this motion, for an order compelling Verity, Inc., to respond to the subpoena ("Subpoena") Convera served on Verity pursuant to Fed. R. Civ. P. 45. In support of this Motion, Convera states as follows:

1.     This Court issued the Subpoena on June 27, 2007 in aid of an action pending in the United States District Court for the Eastern District of Virginia: Convera Corp. v. Autonomy Corporation plc et al., No. 1:07-cv-00425 (the "Virginia Action").

2.     The Virginia Action arose when Convera brought suit against Autonomy Corporation plc and Autonomy, Inc. bringing claims principally out of those defendants' solicitation and hiring of at least five of Convera's employees in violation of a non-solicitation agreement with Convera, and the defendants' subsequent false advertising and misappropriation of Convera's trade secrets surrounding the impact of their hiring of those employees. Convera

also brought claims against two of its former employees, Sameer Kalbag and Jill Foley, concerning those employees' use of Convera's confidential and/or trade secret information.

3.     Convera is a Delaware corporation with its principal place of business at 1921 Gallows Road, Suite 200, Vienna, Virginia 22182.

4.     Verity, upon information and belief, is a wholly-owned subsidiary of Autonomy Corporation plc, and is headquartered in California.

5.     Verity is the current employer of each of the five former Convera employees whom the Autonomy defendants are alleged to have improperly solicited, but Verity has yet to provide Convera with any testimony or documents in response to the Subpoena, relying on a number of meritless objections.

6.     For the reasons stated in the accompanying Memorandum in Support of Convera's Motion to Enforce its Subpoena to Verity, Inc., Convera requests that this Court order Verity to respond to the Subpoena consistently with Verity's obligations under Fed. R. Civ. P. 45.

7.     Further, Convera requests an oral hearing on its Motion to Enforce its Subpoena to Verity, Inc.

WHEREFORE, Convera respectfully requests that this Court grant its Motion to Enforce its Subpoena to Verity, Inc. in its entirety and grant any other relief justice requires.

Respectfully submitted,

CONVERA CORPORATION,

By its attorneys,

Eric C. Rusnak (D.C. Bar No. 491254)
Attorney for Convera Corporation
Kirkpatrick & Lockhart
  Preston Gates Ellis LLP
1601 K Street, N.W.
Washington, DC 20006
Telephone: 202-778-9000
Fax: 202-778-9100
eric.rusnak@klgates.com

*Of counsel:*
John J. Cotter
 John.Cotter@klgates.com
Eileen E. Pott
 Eileen.Pott@klgates.com
One Lincoln Street
Boston, MA 02111
(617) 261-3100

Dated: September 24, 2007

## LOCAL CIVIL RULE 7(m) CERTIFICATION

I, Eric C. Rusnak, hereby certify that counsel for Convera conferred with counsel for

Verity by telephone on September 12, 2007, and that counsel were unable to resolve the issues

presented by this motion.

Eric C. Rusnak (D.C. Bar No. 491254)
Attorney for Convera Corporation
Kirkpatrick & Lockhart
      Preston Gates Ellis LLP
1601 K Street, N.W.
Washington, DC 20006
Telephone: 202-778-9000
Fax:    202-778-9100
eric.rusnak@klgates.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September, 2007, a true and correct copy of the

foregoing document was served via federal express upon the following:

> J. Kevin Fee
> Morgan, Lewis & Bockius LLP
> 1111 Pennsylvania Avenue, NW
> Washington, D.C. 20004
> **Attorney for Verity, Inc., Autonomy**
> **Corporation plc, Autonomy, Inc. Sameer Kalbag**
> **and Jill Foley**

> _[signature]_
>
> Eric C. Rusnak (D.C. Bar No. 491254)
> Attorney for Convera Corporation
> Kirkpatrick & Lockhart
>     Preston Gates Ellis LLP
> 1601 K Street, N.W.
> Washington, DC 20006
> Telephone: 202-778-9000
> Fax:    202-778-9100
> eric.rusnak@klgates.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| CONVERA CORPORATION<br>1921 Gallows Road<br>Suite 200<br>Vienna, VA 22182,<br><br>             Plaintiff,<br><br>v.<br><br>VERITY, INC.<br><br>             Defendant. | Civil Action No.<br><br>**ORAL ARGUMENT REQUESTED** |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
## MOTION TO ENFORCE ITS SUBPOENA TO VERITY, INC.

Plaintiff, Convera Corporation ("Convera") submits this Memorandum in support of its

Motion to Enforce its Subpoena to Verity, Inc.  The Subpoena issued from this Court on June 27,

2007 in aid of an action pending in the United States District Court for the Eastern District of

Virginia: Convera Corp. v. Autonomy Corporation plc et al., No. 1:07-cv-00425 (the "Virginia

Action").

The Virginia Action arose when Convera brought suit against Verity's parent and related

companies, Autonomy Corporation plc and Autonomy, Inc. (collectively, "Autonomy"), based

on Autonomy's solicitation and hiring of at least five of Convera's employees then employed in

Convera's RetrievalWare software business, which Convera recently sold to a third party, and

based on subsequent public statements by Autonomy plc about that hiring and Convera's and

Autonomy's businesses of selling search software to federal government agencies.  Autonomy's

solicitation and hiring was in breach of a non-solicitation agreement with Convera, Autonomy's

public statements constituted false advertising, and its use of Convera confidential information in

the solicitation and hiring constituted misappropriation of Convera's trade secrets. Convera also brought claims against two of its former RetrievalWare employees, Sameer Kalbag and Jill Foley, concerning their misuse of Convera's confidential and/or trade secret information.

Verity is a wholly-owned subsidiary of Autonomy Corporation, plc ("Autonomy plc"), which also owns Autonomy, Inc. Verity is also the employer of Sameer Kalbag and Jill Foley, along with three other former Convera employees—Peter Amme, Jackson Warden, Jr., and Damian Brown—all five of whom are subjects closely linked to Autonomy's breach of nonsolicitation, false advertising, and trade secret violations. By this Motion, Convera moves for an order compelling Verity to respond to Convera's Subpoena for documents and deposition testimony served on Verity on June 27, 2007. As the employer of the individual defendants and the other former Convera employees, the hiring of whom is a key issue on Convera's breach of contract, false advertising, and trade secret misappropriation claims in the Virginia Action, Verity is a key player in this case; however, Verity has yet to provide any documents or deposition testimony in response to the Subpoena, relying on a number of meritless objections.

Accordingly, Convera seeks an order compelling Verity to produce, in electronic format, all documents responsive to Convera's Subpoena and to produce a designee to testify in response to the Subpoena within five (5) business days of this Court's order on Convera's Motion.

## I.    FACTUAL BACKGROUND

On June 27, 2007, Convera served the Subpoena on Verity. See Subpoena attached as Exhibit A. Counsel for Verity served objections (attached as Exhibit B), and declined to produce documents or testimony regarding almost all of Convera's requests. For example, Verity declined to produce a designee pursuant to Fed. R. Civ. P. 30(b)(6) to testify to four of six deposition topics. See Exhibits A and B. Similarly, Verity declined to produce documents responsive to five of seven document requests. See Exhibits A and B.

In response to Verity's objections, Convera sent a detailed letter explaining the relevance of the subpoenaed testimony and documents to the underlying litigation. See July 26, 2007 correspondence from E. Pott to J.K. Fee, attached as Exhibit C. As explained in Exhibit C, Verity's objections on the basis of relevance are particularly questionable given the fact that Autonomy plc's recruitment and/or solicitation of Convera employees is one of the subjects of the Virginia Action, and at least some of those employees currently work for the Verity subsidiary of Autonomy plc. In fact, documents produced by Autonomy in the Virginia Action reveal that Verity and Autonomy employees using "verity.com" and "autonomy.com" e-mail addresses worked together in the hiring and employment of the former Convera employees. See Exhibit D, e-mails between employees using both "verity.com" and "autonomy.com" e-mail addresses regarding the hiring of former Convera employees. Given that fact alone, Verity's relevance objection appears disingenuous.

Accordingly, Verity is very likely to possess information directly relevant to Convera's breach of contract claim and trade secret misappropriation claim. Nevertheless, Verity stands on its objections, even though they do not support Verity's outright failure to produce any documents and/or testimony in response to the Subpoena.

## II.    VERITY IS OBLIGATED TO RESPOND TO THE SUBPOENA

Generally, if the documents and testimony sought by a subpoena are relevant and are sought for good cause, then the subpoena should be enforced unless the documents are privileged or the subpoenas are unreasonable or oppressive. See Bariteau v. Krane, 206 F.R.D. 129, 130 (W.D. Ky. 2001). Here, the Topics for Deposition and the Document Requests set forth in the Subpoena are reasonable and should be enforced.

### A.    Verity is Required to Provide Testimony on the Topics for Deposition Contained in the Subpoena

Verity has objected to all of the topics for deposition set forth on Schedule A to the Subpoena, with the exception of Topic No. 5, on relevance grounds. See Exhibits A and B. Such an objection is misguided because, as discussed below, each of the deposition topics is directly relevant to the claims in the Virginia Action and is reasonably calculated to lead to the discovery of admissible evidence.

#### 1.    Topic No. 1

Topic No. 1 seeks deposition testimony on:

> Verity's management and oversight of its sales personnel involved in search software sales to public sector customers.

Verity objected on the bases that it calls for irrelevant testimony, and that it is overly broad and vague. However, Verity is obligated to provide testimony in response to Topic No. 1 because it is tailored toward Verity's management of personnel involved in "search software sales" to "public sector customers," which defines the business space in which the Autonomy Group and Verity compete with Convera's RetrievalWare product line. This Topic therefore seeks, for example, testimony relevant to the use of proprietary and confidential information possessed by the former Convera employees currently employed by Verity, a key subject in the Virginia Action. Topic No. 1 is also tailored to seek information about the supervision of a narrowly-defined group of Verity's employees.

Notwithstanding the discoverability of the information called for by Topic No. 1, in an attempt to address Verity's overbreadth objection, Convera offered to limit Topic No. 1 to the five employees solicited by the Autonomy Defendants from Convera; however, Verity would not agree. In any event, Topic No. 1 is relevant and narrowly-tailored as written and Verity should be ordered to provide responsive testimony in response to the Subpoena.

2.    *Topic No. 2*

Topic No. 2 calls for testimony concerning:

Verity's practices concerning identification, maintenance and securing of search software customers and potential customers in the public sector; business development in the public sector; and sales and marketing to public sector customers.

Verity objected to Topic No. 2 on the bases that it seeks information that is not relevant to the matters at issue in this litigation, is overly broad, unduly burdensome, and vague.

To the contrary, Topic No. 2 is directly relevant to Convera's misappropriation claims against Autonomy plc and Autonomy, Inc. because it is tailored to seek information related to "public sector" practices, an area raised by Autonomy and the key area in the Virginia Action. Verity employs former Convera employees who possess Convera's trade secrets, which include the identities of current and potential Convera customers. Verity's solicitation of Convera's current and/or potential customers is probative of the use (and/or misuse) of Convera's confidential information. Additionally, Topic No. 2 is not overly broad because it seeks testimony relating to a limited segment of Verity's business, i.e., public sector customers. Accordingly, Verity should be ordered to provide testimony responsive to Topic No. 2 in response to the Subpoena.

3.    *Topic No. 3*

Topic No. 3 calls for testimony concerning Verity's:

hiring, supervision and organization of Sameer Kalbag, Jill Foley, Peter Amme, Damian Brown, and Jackson Warden.

Verity has objected to Topic No. 3 on relevance and vagueness grounds. Topic No. 3 seeks testimony on relevant issues and Verity is obligated to respond fully. Specifically, Verity's supervision of the former Convera employees is both relevant and reasonably calculated to lead to relevant evidence concerning the employees' use of Convera's trade secrets and/or proprietary

information. Verity declined to provide testimony as to the "supervision and organization" of the five named individuals and only agreed to provide testimony as to their "hiring." Such a response is inadequate because the manner in which the five named individuals are supervised is probative of their use of Convera's confidential information. Accordingly, Verity should be ordered to provide testimony responsive to Topic No. 3 as written.

### 4.    *Topic No. 4*

Topic No. 4 calls for testimony concerning Verity's:

recruiting of present or former employees of Convera.

Verity has objected to Topic No. 4 on the bases that it is not relevant to the matters at issue in this litigation and that it is overly broad, unduly burdensome, and oppressive. Topic No. 4 properly calls for testimony about Verity's recruiting practices concerning present or former employees of Convera beyond the five named employees. It is both relevant to Convera's misappropriation claim and narrowly-tailored to call for testimony relating only to current and former Convera employees. Evidence uncovered to date shows that Autonomy, Inc. uses a recruiter to locate and hire persons involved in the enterprise search business, some of whom are placed at Verity. As a result, information concerning that process as it relates to Verity is also directly relevant. Notwithstanding the reasonableness of Topic No. 4 as written, Verity was also unable to agree to Convera's suggestion that Topic No. 4 be limited in time to call for testimony relating to events occurring from October 1, 2006 forward. Accordingly, Verity should be ordered to provide testimony responsive to Topic No. 4 as written.

### 5.    *Topic No. 6*

Topic No. 6 calls for testimony regarding Verity's:

communications concerning new customers, potential customers and business development for search software offered to public sector customers since April 1, 2007.

Verity has objected to Topic No. 6 on the bases that it is not relevant; overly broad, unduly burdensome, and oppressive; and it is vague.

Topic No. 6 seeks relevant testimony and Verity is obligated to respond to it. Specifically, it calls for testimony concerning Verity's development of its business and business contacts within the public sector which is relevant to the use of Convera's proprietary information possessed by former Convera employees currently employed by Verity. Further, the request is narrowly tailored to call for testimony concerning one specific sector of Verity's business. Accordingly, Verity should be ordered to provide testimony responsive to Topic No. 6.

### B.    Verity is Required to Produce Documents Responsive to the Document Requests Contained in the Subpoena

Verity has unreasonably refused to produce any documents relating to all but two of the document requests in the Subpoena. As described below, Verity's objections to the document requests in the Subpoena are insufficient to permit Verity to withhold responsive documents from production pursuant to the Subpoena, and accordingly, they must be produced.

### 1.    Request No. 1

Request No. 1 seeks documents concerning:

Verity's pattern and practice of supervision and control of its search software sales personnel involved in sales to public sector customers since October 1, 2006.

Verity has refused to produce documents relating to Request No. 1 on the bases that it calls for irrelevant documents, and that it is overly broad and vague. Verity's objections to Request No. 1 are unfounded. As stated above, Verity's employment and direction of former Convera employees is at issue in this litigation, because Verity's supervision of employees in possession of Convera's trade secrets and proprietary information is directly relevant to Convera's

misappropriation claim. Further, Request No. 1 is narrowly-tailored in that it asks for information about the supervision of Verity's employees in one specific group.

Notwithstanding the discoverability of the documents called for by Request No. 1, in an attempt to address Verity's overbreadth objection, Convera offered to limit Request No. 1 to the five employees the Autonomy Defendants hired from Convera; however, Verity would not agree to such a proposal. In any event, Request No. 1 is relevant and narrowly-tailored as written and Verity should be ordered to provide responsive documents.

### 2.    *Request No. 2*

Request No. 2 seeks documents concerning:

> Verity's practices with regard to business development, sales and marketing of search software to public sector customers since October 1, 2006.

Verity has refused to produce any documents relating to Request No. 2 on the bases that it calls for irrelevant information, and that it is overly broad and vague. Request No. 2 seeks information directly related to Convera's misappropriation claim because the Convera employees recently hired by Verity possess Convera trade secrets, including but not limited to the identities of current and potential Convera customers, in the same market as Verity operates. Request No. 2 is also limited in time. Accordingly, Verity should be ordered to produce responsive documents.

### 3.    *Request No. 3*

Request No. 3 seeks documents concerning:

> Verity's hiring and supervision of Sameer Kalbag, Jill Foley, Peter Amme, Damian Brown and Jackson Warden since October 1, 2006.

Verity has objected and refuses to produce documents regarding the supervision of the specified employees on the basis that the documents sought are not relevant. Request No. 3 seeks relevant documents both regarding the hiring and the supervision of the specified employees. This

information is discoverable because it relates directly to Convera's misappropriation claim and to Convera's breach of contract claim. Accordingly, Verity should be ordered to produce all responsive, non-privileged documents in response to Request No. 3.

### 4. *Request No. 4*

Request No. 4 seeks documents concerning:

the recruiting of present or former employees of Convera.

Verity has refused to produce any documents relating to Request No. 4 on the bases that it seeks irrelevant documents, and that it is overly broad and vague. Request No. 4 is a narrowly-tailored request calling for documents relating only to present or former employees of Convera. Convera has indicated to Verity that, to the extent that Verity possesses a high volume of documents reflecting its solicitation of current and/or former employees of Convera, it would narrow the Request to call for the production of documents relating to recruiting of any present or former employees of Convera on or after October 1, 2006. Verity declined to agree to produce even that limited group of documents. Accordingly, Verity should be ordered to respond fully to Request No. 4.

### 5. *Request No. 6*

Request No. 6 seeks documents concerning:

communications between and among sales personnel regarding new customers and business development of search software in the public sector since April 1, 2007.

Verity has refused to produce any documents relating to Request No. 6 on the bases that it seeks irrelevant information, is overly broad, unduly burdensome, and oppressive. Request No. 6 calls for documents directly relevant to Convera's misappropriation claim against Autonomy Corporation plc and Autonomy, Inc. Such documents are probative of Convera's former employees' use of Convera's trade secrets and other proprietary information in their employment

- 9 -

at Verity.  Accordingly, Verity should be ordered to produce all documents responsive to Request No. 6.

        **6.**     ***Request No. 7***

Request No. 7 seeks:

> documents concerning, evidencing and/or relating to Convera which were created, received, reviewed, transmitted and/or used by Verity since October 1, 2006.

Verity has refused to produce any documents relating to Request No. 7 on the bases that it seeks irrelevant information, is overly broad, unduly burdensome, and oppressive.  Request No. 7 is narrowly-tailored in that it calls only for documents concerning Convera and is limited in time. Such documents are relevant to Convera's misappropriation and breach of contract claims because they would show whether Verity has solicited customers from Convera or misuse Convera's confidential information.  As such, Verity's refusal to respond is unreasonable and Verity should be ordered to produce responsive documents.

**III.**    **CONCLUSION**

For the foregoing reasons, Convera respectfully requests that this Court grant its Motion to Compel Verity's Responses to the Subpoena in its entirety.

IV.    **CONCLUSION**

For the foregoing reasons, Convera respectfully requests that this Court grant its Motion

to Compel Verity's Responses to the Subpoena in its entirety.

Respectfully submitted,

CONVERA CORPORATION,

By its attorneys,

Eric C. Rusnak (D.C. Bar No. 491254)
Attorney for Convera Corporation
Kirkpatrick & Lockhart
        Preston Gates Ellis LLP
1601 K Street, N.W.
Washington, DC 20006
Telephone: 202-778-9000
Fax:    202-778-9100
eric.rusnak@klgates.com

*Of counsel:*
John J. Cotter
        John.Cotter@klgates.com
Eileen E. Pott
        Eileen.Pott@klgates.com
One Lincoln Street
Boston, MA 02111
(617) 261-3100

Dated: September 24, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September, 2007, a true and correct copy of the

foregoing document was served via federal express upon the following:

> J. Kevin Fee
> Morgan, Lewis & Bockius LLP
> 1111 Pennsylvania Avenue, NW
> Washington, D.C. 20004
> **Attorney for Verity, Inc., Autonomy**
> **Corporation plc, Autonomy, Inc. Sameer**
> **Kalbag, and Jill Foley**

Eric C. Rusnak (D.C. Bar No. 491254)
Attorney for Convera Corporation
Kirkpatrick & Lockhart
    Preston Gates Ellis LLP
1601 K Street, N.W.
Washington, DC 20006
Telephone: 202-778-9000
Fax:    202-778-9100
eric.rusnak@klgates.com

# EXHIBIT A

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF COLUMBIA

Convera Corporation

V.

Autonomy Corporation, plc and Autonomy, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:07-cv-425

United States District Court
Eastern District of Virginia

TO:  Verity, Inc.
c/o Beverly L. Crump
11 South 12th Street
Richmond, VA 23219

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Kirkpatrick & Lockhart Preston Gates Ellis, LLP<br>1601 K Street, NW, Washington, DC 20006 | DATE AND TIME<br>7/18/2007 9:30 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule B attached hereto

| PLACE        Kirkpatrick & Lockhart Preston Gates Ellis, LLP<br>1601 K Street, NW, Washington, DC 20006 | DATE AND TIME<br>7/11/2007 12:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).   See deposition topics at Schedule A

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _E. Rusnak_, Attorney for Plaintiff | 6/27/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric C. Rusnak, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis, LLP, 1601 K Street, NW, Washington, DC 20006  (202) 778-9212

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1]  If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 7-10-07 @ 12:05pm | 11 South 12th Street Richmond, VA 23219 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Rene Nordquist, Managing Agent | | Authorized to accept |
| SERVED BY (PRINT NAME) | | TITLE |
| David R. Beck, Sr. | | Private Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   7-10-07
                  DATE

SIGNATURE OF SERVER

Capitol Process Services, Inc.

ADDRESS OF SERVER   1827 18th Street, NW
                          Washington, DC 20009

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation materials, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

|  |  |
|---|---|
| CONVERA CORPORATION,<br>a Delaware Corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>AUTONOMY CORPORATION, PLC, a United<br>Kingdom Corporation; and AUTONOMY, INC.,<br>a privately-held corporation;<br><br>                    Defendants. | Civil Action No. 1:07-cv-425 |

## <u>NOTICE OF TAKING DEPOSITION</u>

TO:

Verity, Inc.

c/o Beverly L. Crump
11 South 12th Street
Richmond, VA 23219

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), plaintiff Convera

Corporation, will take the videotaped deposition upon oral examination of the person or persons

designated by Verity, Inc., as the person or persons most knowledgeable to testify regarding the

topics set forth in the attached <u>Schedule A</u>, commencing on Wednesday, July 18, 2007 at 9:30

a.m. at the offices of Kirkpatrick & Lockhart Preston Gates Ellis LLP, 1601 K Street, N.W.,

Washington, DC 20006, before a Notary Public or other officer authorized to administer oaths.

The examination will continue from day-to-day until completed.


You are invited to attend and cross-examine.

CONVERA CORPORATION,

By its attorneys,

_____

Eric C. Rusnak (VSB #65895)
Attorney for Convera Corporation
Kirkpatrick & Lockhart
     Preston Gates Ellis LLP
1601 K Street, N.W.
Washington, DC 20006
Telephone: 202-778-9000
Fax:    202-778-9100
eric.rusnak@klgates.com

*Of counsel (admitted pro hac vice):*
John J. Cotter
    John.Cotter@klgates.com
Eileen E. Pott
    Eileen.Pott@klgates.com
One Lincoln Street
Boston, MA 02111
(617) 261-3100

Dated: June 27, 2007

2

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on the following, by e-mail, on this 27th

day of June, 2007:

Charles P. Groppe
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004


Eric C. Rusnak (VSB #65895)
Attorney for Convera Corporation
Kirkpatrick & Lockhart
        Preston Gates Ellis LLP
1601 K Street, N.W.
Washington, DC 20006
Telephone: 202-778-9000
Fax:    202-778-9100
eric.rusnak@klgates.com

## DEFINITIONS

The following definitions shall apply to both <u>Schedule A</u> and <u>Schedule B</u>.

1.    "All" means any and all, and "any" shall likewise mean any and all, unless the context requires otherwise.

2.    The word "and" and the word "or" shall, where the context permits, be construed to mean "and/or."

3.    The term "Autonomy plc" shall mean Autonomy Corp, plc, a defendant in this matter, and includes, without limitation, any agent, representative (including, without limitation, any attorney, attorney-in-fact, or accountant, and their respective agents and employees), employee, or other person acting or purporting to act for or on behalf of Autonomy plc or at Autonomy plc's direction or control.

4.    The term "Autonomy, Inc." shall mean Autonomy, Inc., a defendant in this matter, and includes, without limitation, any agent, representative (including, without limitation, any attorney, attorney-in-fact, or accountant, and their respective agents and employees), employee, or other person acting or purporting to act for or on behalf of Autonomy, Inc. or at Autonomy, Inc.'s direction or control.

5.    The term "Verity" shall mean Verity, Inc., and includes, without limitation, any agent, representative (including, without limitation, any attorney, attorney-in-fact, or accountant, and their respective agents and employees), employee, or other person acting or purporting to act for or on behalf of Autonomy or at Autonomy's direction or control.

6.    The term "Convera" shall mean Convera Corporation, the plaintiff in this matter, and includes, without limitation, any agent, representative (including, without limitation, any attorney, attorney-in-fact, or accountant, and their respective agents and employees), employee,

or other person acting or purporting to act for or on behalf of Convera or at Convera's direction or control.

7.    The term "affiliate" of any entity shall mean, without limitation, any person who, directly or indirectly, controls, or is controlled by, or is under common control with such entity. The term "control" and its correlatives, as used above, shall mean, without limitation, the possession, whether direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through ownership of an equity interest, by corporate position, by contract, or otherwise.

8.    The terms "concern" and "concerning" shall mean, without limitation, reflecting, referring to, describing, evidencing, or constituting.

9.    The term "document" shall mean, without limitation, any writing, recording, photograph, computer database, electronic data, electronic communication, e-mail, or any other item containing information of any kind or nature, regardless of the form in which such information exists or is maintained, however produced or reproduced, and translated, if necessary, by the respondent through detection devices into a reasonably usable form.  A draft, duplicate, or non-identical copy of a document is a separate document within the meaning of this term, as is any actual, proposed, or contemplated envelope, transmittal sheet, cover letter, exhibit, enclosure, or attachment to a document.

10.    The term "person" shall mean, without limitation, any natural person or any business, legal, or governmental entity or association, or any subdivision thereof.

11.    The term "representative" shall mean, without limitation, any officer, director, agent, employee, attorney, or other representative of a person.

12.    The term "communication" shall mean, without limitation, any correspondence,

contact, discussion, or any other kind of written or oral exchange or transmittal of information (in the form of facts, ideas, inquiries, or otherwise), and any response thereto, including, without limitation, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges of a document or documents, whether written or in electronic format.

13.    Words used in the singular shall, where the context permits, be deemed to include the plural and words used in the plural shall, where the context permits, be deemed to include the singular. The masculine gender shall, where the context permits, be deemed to include feminine and neuter genders, and vice-versa.

### SCHEDULE A

### TOPICS OF EXAMINATION

1. Verity's management and oversight of its sales personnel involved in search software sales to public sector customers;

2. Verity's practices concerning identification, maintenance and securing of search software customers and potential customers in the public sector; business development in the public sector; and sales and marketing to public sector customers;

3. The hiring, supervision and organization of Sameer Kalbag, Jill Foley, Peter Amme, Damian Brown, and Jackson Warden;

4. The recruiting of present or former employees of Convera;

5. Verity's corporate structure in relation to Autonomy plc, and Autonomy, Inc.; and

6. Communications concerning new customers, potential customers and business development for search software offered to public sector customers since April 1, 2007.

## **SCHEDULE B**

## **DOCUMENT REQUESTS**

1. All documents concerning, evidencing and/or relating to Verity's pattern and practice of supervision and control of its search software sales personnel involved in sales to public sector customers since October 1, 2006;

2. All documents concerning, evidencing and/or relating to Verity's practices with regard to business development, sales and marketing of search software to public sector customers since October 1, 2006;

3. All documents concerning, evidencing and/or relating to Verity's hiring and supervision of Sameer Kalbag, Jill Foley, Peter Amme, Damian Brown, and Jackson Warden since October 1, 2006;

4. All documents concerning, evidencing and/or relating to the recruiting of present or former employees of Convera.

5. All documents concerning, evidencing and/or relating to Verity's corporate structure with regard to Autonomy plc, and Autonomy, Inc., since October 1, 2006;

6. All documents concerning, evidencing and/or relating to communications between and among sales personnel regarding new customers and business development of search software in the public sector since April 1, 2007; and

7. All documents concerning, evidencing and/or relating to Convera which were created, received, reviewed, transmitted and/or used since October 1, 2006.

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

|  |  |  |
|---|---|---|
| CONVERA CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:07-cv-00425-GBL-TCB |
| | ) | |
| v. | ) | |
| | ) | |
| AUTONOMY CORPORATION, PLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## OBJECTIONS TO THE SUBPOENA DIRECTED TO VERITY, INC.

Pursuant to Local Rules 26 and 45 and Rules 26 and 45 of the Federal Rules of Civil Procedure, Verity, Inc. ("Verity") hereby submits its objections to Plaintiff's subpoena directed to Verity (the "Subpoena").

## INTRODUCTION

1.    The following objections (and any further objections or responses to the subpoena or its subject matter) are made without waiver of, and with preservation of:

- All questions as to competency, relevancy, materiality, privilege and admissibility of each pending response and the subject matter thereof as evidence for any purpose in any further proceeding in this matter (including the trial of this matter), and in any other lawsuit or proceedings, or that the discovery requests themselves are in any way calculated to lead to the discovery of admissible evidence;

- The right to object to the use of any pending response, or the subject matter thereof, on any ground in any further proceeding in this matter (including the trial of this matter), and in any other lawsuit or proceeding;

- The right to object on any ground at any time to a demand or request for further responses to the subpoena or any other discovery requests or other discovery proceedings involving or relating to the subject matter of the requests herein objected to; and

- The right at any time to revise, correct, add to, supplement, or clarify any of the pending responses to the subpoena or any future discovery requests.

2.      Verity objects to Convera's service of the Subpoena two days prior to the date for the production of documents as being unduly burdensome and oppressive, and failing to allow a reasonable time for compliance, as required by Federal Rule of Civil Procedure 45(c)(3)(A)(i).

3.      Verity objects to Convera's service of the Subpoena in violation of Local Rule 45(F), which prohibits serving deposition subpoenas less than 11 days before the date of the deposition absent a court order.

4.      Verity objects to Convera's service of the Subpoena based upon a Certificate of Service for the Notice of the Deposition that falsely states that the Notice of Deposition was served upon counsel for Autonomy, Inc. and Autonomy plc on June 27, 2007.  Convera never served counsel for Autonomy, Inc. and Autonomy plc with the Notice of Deposition.

5       Verity objects to the Subpoena to the extent it notices the deposition for Convera's counsel's office in Washington, DC.  Verity will make its designee(s) available for deposition at a mutually-agreeable location near the business address(es) of the designee(s).

6.      Verity objects to the Subpoena to the extent that it purports to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.

7.      Verity objects to the Subpoena to the extent it seeks the disclosure of documents or information that are subject to one or more privileges or protections from disclosure,

including, but not limited to: the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection available under applicable law. When preparing its responses to these Subpoena, Verity has assumed that the Subpoena is limited in time such that it does not seek attorney-client or attorney work product material generated after the commencement of litigation.

8.    Verity objects to the Subpoena to the extent it is unlimited in time, scope, and subject matter as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

9.    Verity objects to the Subpoena to the extent it seeks information or documents which are confidential, proprietary, or sensitive in nature with respect to Verity or any of its current or former employees.

10.    Verity objects to the Definition of "Verity" set forth in paragraph 5 of the Definitions of the Subpoena on the ground that the definition is overbroad and improperly implies that Autonomy Corporation plc, Autonomy, Inc., the undefined term "Autonomy" used in paragraph 5 and Verity are the same entity or entities for purposes of this litigation. In objecting and responding to the Subpoena, Verity refers only to actions taken by Verity.

11.    Verity submits its responses without conceding the relevance or materiality of the subject matter of any topic or request, and without prejudice to its right to object to further discovery, to object to the admissibility at trial of any document requested, or to object to any other proceeding in this action.

12.    Unless otherwise provided herein, any and all objections set forth herein are intended and should be understood to state a refusal by Verity to provide any responses beyond those set forth herein.

13.    Verity incorporates by reference in its Specific Objections and Responses the foregoing General Objections as if expressly restated in response to each specific topic or request.

## SPECIFIC OBJECTIONS TO SCHEDULE A OF THE SUBPOENA
### (In Addition To The Objections Above)

**TOPIC NO. 1:**

Verity's management and oversight of its sales personnel involved in search software sales to public sector customers.

**OBJECTION:** Verity objects to this topic on the grounds that it is overly broad, unduly burdensome, and oppressive. Furthermore, Verity objects to this topic to the extent that the terms "management," "oversight" and "public sector customers" are vague, ambiguous, and undefined. Verity also objects to this topic on the grounds that it seeks information not relevant to the matters at issue in this litigation and which is neither likely, nor reasonably calculated, to lead to the discovery of relevant evidence.

**TOPIC NO. 2:**

Verity's practices concerning identification, maintenance and securing of search software customers and potential customers in the public sector; business development in the public sector; and sales and marketing to public sector employees.

**OBJECTION:** Verity objects to this topic on the grounds that it is overly broad, unduly burdensome, and oppressive. Furthermore, Verity objects to this topic to the extent that the term "public sector" is vague, ambiguous, and undefined. Verity also objects to this topic on the grounds that it seeks information not relevant to the matters at issue in this litigation and which is neither likely, nor reasonably calculated, to lead to the discovery of relevant evidence.

**TOPIC NO. 3:**

The hiring, supervision and organization of Sameer Kalbag, Jill Foley, Peter Amme, Damian Brown, and Jackson Warden.

**OBJECTIONS:** Verity objects to this topic on the ground that the "organization" of people is vague and ambiguous. Verity further objects to this topic to the extent it requests information regarding the supervision of the five employees because such information is not relevant to the matters at issue in this litigation and is neither likely, nor reasonably calculated, to lead to the discovery of relevant evidence. Subject to and without waiving any objections, Verity will produce a designee to testify regarding the hiring of the five employees identified above to the extent such information is not protected from disclosure by one or more privileges.

**TOPIC NO. 4:**

The recruiting of present or former employees of Convera.

**OBJECTION:** Verity objects to this topic on the grounds that it is overly broad, unduly burdensome and oppressive to the extent it is not limited to the five employees identified above and is not limited in time. Verity further objects to this topic on the grounds that it seeks information not relevant to the matters at issue in this litigation and which is neither likely, nor reasonably calculated, to lead to the discovery of relevant evidence. Subject to and without waiving any objections, Verity will produce a designee to testify regarding the recruiting, if any, of the five employees identified above to the extent such information is not protected from disclosure by one or more privileges.

**TOPIC NO. 5:**

Verity's corporate structure in relation to Autonomy plc, [sic] and Autonomy, Inc.

**OBJECTION:** Verity objects to this topic on the ground that the term "corporate structure" is vague, ambiguous and undefined. Subject to and without waiving any objections, Verity will

produce a designee to testify regarding the ownership of Verity and Autonomy, Inc. by Autonomy plc.

**TOPIC NO. 6:**

Communications concerning new customers, potential customers and business development for search software offered to public sector customers since April 1, 2007.

**OBJECTION:** Verity objects to this topic on the grounds that it is overly broad, unduly burdensome and oppressive. Furthermore, Verity objects to this topic to the extent that the term "public sector" is vague, ambiguous, and undefined. Verity further objects to this topic on the grounds that it seeks information not relevant to the matters at issue in this litigation and which is neither likely, nor reasonably calculated, to lead to the discovery of relevant evidence.

### SPECIFIC OBJECTIONS TO SCHEDULE B OF THE SUBPOENA
### (In Addition To The Objections Above)

**REQUEST NO. 1:**

All documents concerning, evidencing and/or relating to Verity's pattern and practice of supervision and control of its search software sales personnel involved in sales to public sector customers since October 1, 2006.

**OBJECTION:** Verity objects to this request on the grounds that it is overly broad, unduly burdensome, and oppressive. Furthermore, Verity objects to this request to the extent that "pattern and practice of supervision and control" and "public sector" are vague, ambiguous, and undefined. Verity also objects to this request on the grounds that it seeks information not relevant to the matters at issue in this litigation and which is neither likely, nor reasonably calculated, to lead to the discovery of relevant evidence.

**REQUEST NO. 2:**

All documents concerning, evidencing and/or relating to Verity's practices with regard to business development, sales and marketing of search software to public sector customers since October 1, 2006.

**OBJECTION:** Verity objects to this request on the grounds that it is overly broad, unduly burdensome, and oppressive. Furthermore, Verity objects to this request to the extent that the term "public sector" is vague, ambiguous, and undefined. Verity also objects to this request on the grounds that it seeks information not relevant to the matters at issue in this litigation and which is neither likely, nor reasonably calculated, to lead to the discovery of relevant evidence.

**REQUEST NO. 3:**

All documents concerning, evidencing and/or relating to Verity's hiring and supervision of Sameer Kalbag, Jill Foley, Peter Amme, Damian Brown and Jackson Warden since October 1, 2006.

**OBJECTIONS:** Verity objects request to the extent it requests information regarding the supervision of the five employees because such information is not relevant to the matters at issue in this litigation and is neither likely, nor reasonably calculated, to lead to the discovery of relevant evidence. In addition, Verity objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privileges or privacy rights that may prevent such disclosure. Subject to and without waiving any objections, Verity will produce documents relating to the hiring of the five employees (to the extent such documents exist) that may be in its possession, custody, and control.

**REQUEST NO. 4:**

All documents concerning, evidencing and/or relating to the recruiting of present or former employees of Convera.

**OBJECTION:** Verity objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive to the extent it is not limited to the five employees identified above and is not limited in time. Verity further objects to this request on the grounds that it seeks information not relevant to the matters at issue in this litigation and which is neither likely, nor reasonably calculated, to lead to the discovery of relevant evidence. In addition, Verity objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privileges or privacy rights that may prevent such disclosure. Subject to and without waiving any objections, Verity will produce documents relating to the hiring of the five employees (to the extent such documents exist) that may be in its possession, custody, and control.

**REQUEST NO. 5:**

All documents concerning, evidencing and/or relating to Verity's corporate structure with regard to Autonomy plc, and Autonomy, Inc., since October 1, 2006.

**OBJECTION:** Verity objects to this request on the ground that the term "corporate structure" is vague, ambiguous and undefined. Subject to and without waiving any objections, Verity will produce documents sufficient to demonstrate the ownership of Verity and Autonomy, Inc. by Autonomy plc.

**REQUEST NO. 6:**

All documents concerning, evidencing and/or relating to communications between and among sales personnel regarding new customers and business development of search software in the public sector since April 1, 2007.

**OBJECTION:** Verity objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive. Verity further objects to this requests on the grounds that it seeks information not relevant to the matters at issue in this litigation and which is neither likely, nor reasonably calculated, to lead to the discovery of relevant evidence.

**REQUEST NO. 7:**

All documents concerning, evidencing and/or relating to Convera which were created, received, reviewed, transmitted and/or used since October 1, 2006.

**OBJECTION:** Verity objects to this request on the grounds that it is overly broad, unduly burdensome and oppressive. Verity further objects to this request on the grounds that it seeks information not relevant to the matters at issue in this litigation and which is neither likely, nor reasonably calculated, to lead to the discovery of relevant evidence. In addition, Verity objects to this request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privileges or privacy rights that may prevent such disclosure.

Robert J. Smith (VSB No. 47951)
J. Kevin Fee*
Charles P. Groppe (VSB No. 41504)
Russell R. Bruch*
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Dated: July 12, 2007          Facsimile: (202) 739-3001

Attorneys for Verity, Inc.

* Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

.    I hereby certify that on this 12th day of July, 2007, I caused a true and correct copy of the

foregoing Objections to the Subpoena Directed to Verity, Inc. to be served via First Class Mail

and e-mail on:

> Eric C. Rusnak, Esquire
> Kirkpatrick & Lockhart Preston Gates Ellis LLP
> 1601 K Street N.W.
> Washington, D.C. 20006
>
> John J. Cotter, Esquire
> Eileen E. Pott, Esquire
> Kirkpatrick & Lockhart Preston Gates Ellis LLP
> State Street Financial Center
> One Lincoln Street
> Boston, MA 02111

> J. Kevin Fee

# EXHIBIT C

# K&L|GATES

Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950

т 617.261.3100    www.klgates.com

July 26, 2007

Eileen E. Pott
D (617) 951-9116
eileen.pott@klgates.com

**Via E-Mail jkfee@morganlewis.com**

J. Kevin Fee, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004

Re:   Convera Corp. v. Autonomy Corporation plc, et al.
       Case No. 1:07-cv-00425 (E.D. Va.)

Dear Kevin:

I write in response to your Objections to the Subpoena Directed to Verity, Inc. ("Verity"), served on Verity via e-mail and first class mail on July 12 (the "Subpoena"). Please let me know when I will receive documents responsive to the Subpoena. As you know, Verity has not produced any documents responsive to the Subpoena, nor have we heard from you in regard to any document production.

Further, as discussed below, none of Verity's objections to the Subpoena justifies Verity's failure to produce documents and/or to provide testimony responsive to the Subpoena.

**Verity's General Objections**

Verity's general objections Nos. 2 and 3, based on the time of service of the Subpoena, are without merit given that counsel for Convera first extended you, as a professional courtesy, a letter on June 28, 2007 inquiring whether you wished to accept service of the Subpoena on behalf of Verity, a subsidiary of your client, Defendant Autonomy Corporation plc. Due to your lack of response, counsel for Convera again contacted you by telephone on July 2, 2007. Still having no response, counsel for Convera contacted you a third time via e-mail on July 3, 2007. When you finally responded via e-mail, you indicated that you were unwilling to accept service on behalf of Verity and that Convera should proceed with service in an alternative manner. Verity's general objection No. 4 is also without merit for these same reasons. In any event, Verity never sought an enlargement of time in which to respond to the Subpoena, to which Convera would have agreed.

In response to Verity's general objection No. 5, the location provided in the subpoena is within the subpoena power provided by applicable court rules. To the extent there is a specific reason that Verity's witness is unable to attend a deposition at the designated

BOS-1103630 v4

# K&L | GATES

J. Kevin Fee, Esq.
July 26, 2007
Page 2

location, please tell us, and we are willing to discuss proper accommodations. Please contact me by 5:00 p.m. on August 1, 2007 to let me know the location at which it is convenient for the deposition to take place.

**Specific Objections**

*Schedule A – Topics for Deposition*

Verity has objected to all of the topics for deposition set forth Schedule A, with the exception of Topic No. 5, on relevance grounds. Such an objection is misguided because, as discussed below, each of the deposition topics and document requests attached to the Subpoena is directly relevant to the claims in the above-referenced action and is reasonably calculated to lead to the discovery of admissible evidence. For each topic, if there is a particular way in which Convera's request is overly broad or unduly burdensome, please let us know specifically what that is so that we can discuss it and, if possible, come to an agreement. If you fail to respond, we will interpret your silence to mean that you have no specific objections, and we address your claims that the topics are generally burdensome below.

<u>**Topic No. 1**</u>

Topic No. 1 seeks deposition testimony on the subject of "Verity's management and oversight of its sales personnel involved in search software sales to public sector customers." Verity objected to Topic No. 1 on the bases that it calls for irrelevant testimony, and that it is overly broad and vague.

Verity is obligated to provide testimony at deposition in response to Topic No. 1, which will for example elicit testimony relevant to the use of proprietary and confidential information possessed by the former Convera search software sales employees currently employed by Verity. Topic No. 1 is tailored to seek information about the supervision of a narrowly-defined group of Verity's employees.

Further, Verity's objections to a number of deposition topics and document requests, based on the vagueness and ambiguity of terms such as "management," "oversight," and "public sector customers," are not well taken because those words are in common usage. For example, in Verity's own press releases, Verity refers to its business as serving both the private and the public sector, explaining the term "public sector" in the following way: "In the public sector, customers come from all levels and branches of government including the

# K&L|GATES

J. Kevin Fee, Esq.
July 26, 2007
Page 3

U.S. General Services Administration, the U.S. Air Force and Army, the U.S. Department of Defense, including the armed forces units, and the U.S. Departments of Energy and Justice."[1]

## Topic No. 2

Topic No. 2 calls for testimony concerning "Verity's practices concerning identification, maintenance and securing of search software customers and potential customers in the public sector; business development in the public sector; and sales and marketing to public sector customers." Verity objected to Topic No. 2 on the bases that it seeks information that is not relevant to the matters at issue in this litigation, is overly broad, unduly burdensome, and vague.

Verity must designate an individual to testify as to Topic No. 2. Topic No. 2 is directly relevant to Convera's misappropriation claims against Autonomy plc and Autonomy, Inc., because Verity (a subsidiary of Autonomy, Inc.) employs former Convera employees who possess Convera's trade secrets, which include the identities of current and potential Convera customers. Topic No. 2 is not overly broad because it seeks testimony relating to a limited segment of Verity's business, i.e., public sector customers. Verity's other objections, including those based on vagueness and ambiguity are equally meritless because the words are commonly defined and used, as explained above.

## Topic No. 3

Topic No. 3 calls for testimony concerning Verity's "hiring, supervision and organization of Sameer Kalbag, Jill Foley, Peter Amme, Damian Brown, and Jackson Warden." Verity has objected to Topic No. 3 on relevance and vagueness grounds.

Topic No. 3 seeks testimony on relevant issues and Verity is obligated to respond fully. Verity's supervision of the former Convera employees is both relevant and reasonably calculated to lead to relevant evidence concerning the employees' use of Convera's trade secrets and/or proprietary information. Moreover, the term "organization" is a word in common usage and should be construed accordingly in connection with Verity's response to the Subpoena. To the extent Verity requires further clarification, the dictionary defines

---

[1] See Verity Press Releases, May 16, 2005, "Verity Executives to Discuss First Business Process Management Solution with In-Process Enterprise-Class Search at BFMA Symposium;" and March 16, 2004, "Verity Completes Acquisition of Cardiff Software," at http://www.cardiff.com/company/news/releases/PRESSRELEASE-1050.html; and http://www.cardiff.com/company/news/releases/PRESSRELEASE-890.html respectively.

K&L|GATES

J. Kevin Fee, Esq.
July 26, 2007
Page 4

organization as "A structure through which individuals cooperate systematically to conduct business" and "the administrative personnel of such a structure."[2]

**Topic No. 4**

Topic No. 4 calls for testimony concerning Verity's "recruiting of present or former employees of Convera." Verity has objected to Topic No. 4 on the bases that it is not relevant to the matters at issue in this litigation and that it is overly broad, unduly burdensome, and oppressive.

Topic No. 4 properly calls for testimony about Verity's recruiting practices concerning present or former employees of Convera beyond the five named employees. It is both relevant to Convera's misappropriation claim and narrowly-tailored to call for testimony relating only to current and former Convera employees. Evidence uncovered to date shows that Autonomy, Inc. uses a recruiter to locate and hire persons involved in the enterprise search business, some of whom are placed at Verity. As a result, information concerning that process as it relates to Verity is also directly relevant.

**Topic No. 5**

Topic No. 5 calls for testimony concerning "Verity's corporate structure in relation to Autonomy plc and Autonomy, Inc." Please confirm that Verity will produce a designee to testify about this topic.

**Topic No. 6**

Topic No. 6 calls for testimony regarding Verity's "communications concerning new customers, potential customers and business development for search software offered to public sector customers since April 1, 2007." Verity has objected to Topic No. 6 on the bases that it is not relevant; it is overly broad, unduly burdensome, and oppressive; and it is vague.

Topic No. 6 seeks relevant testimony. Specifically, it calls for testimony concerning Verity's development of its business and business contacts within the public sector which is relevant to the use of Convera's proprietary information possessed by former Convera employees currently employed by Verity. Further, the request is narrowly-tailored to call for testimony concerning one specific sector of Verity's business. Additionally, and as noted above, the

---

[2] *The American Heritage Dictionary of the English Language, Fourth Edition.* (Houghton Mifflin Company) (2004) at http://dictionary.reference.com/browse/organization.

# K&L|GATES

J. Kevin Fee, Esq.
July 26, 2007
Page 5

terms which Verity finds objectionable are either defined or phrases commonly used by
Verity itself and as a result, Verity's vagueness objection is without merit.

### *Schedule B – Requests for Documents*

Verity has unreasonably refused to produce any documents relating to all but two of the
document requests in the Subpoena. As described below, Verity's objections to the
document requests in the Subpoena are insufficient to permit Verity to withhold responsive
documents from production pursuant to the Subpoena, and accordingly, they must be
produced. For each request, if there is a particular way in which Convera's request is overly
broad or unduly burdensome, please let us know specifically what that is so that we can
discuss it and, if possible, reach an agreement. If you fail to respond, we will interpret your
silence to mean that you have no specific objections, and we address your claims that the
requests are generally burdensome below.

## Request No. 1

Request No. 1 seeks documents concerning "Verity's pattern and practice of supervision and
control of its search software sales personnel involved in sales to public sector customers
since October 1, 2006." Verity has refused to produce documents relating to Request No. 1
on the bases that it calls for irrelevant documents, and that it is overly broad and vague.

Verity's objections to Request No. 1 are unfounded. As stated above, Verity's employment
and direction of former Convera employees is at issue in this litigation, because Verity's
supervision of employees in possession of Convera's trade secrets and/or proprietary
information is directly relevant to Convera's misappropriation claim. Further, Request No. 1
is narrowly-tailored in that it asks for information about the supervision of Verity's
employees in one specific group. Additionally, Verity's objections based on the vagueness
and ambiguity of terms such as "pattern and practice of supervision and control" and "public
sector" are insufficient to justify Verity's withholding of documents where those phrases are
in common usage.

## Request No. 2

Request No. 2 seeks documents concerning "Verity's practices with regard to business
development, sales and marketing of search software to public sector customers since
October 1, 2006." Verity has refused to produce any documents relating to Request No. 2 on
the bases that it calls for irrelevant information, and that it is overly broad and vague.

Request No. 2 seeks information directly related to Convera's misappropriation claim
because the Convera employees recently hired by Verity possess Convera trade secrets,

# K&L|GATES

J. Kevin Fee, Esq.
July 26, 2007
Page 6

including but not limited to the identities of current and/or potential Convera customers, in
the same market as Verity operates. Request No. 2 is also limited in time. Accordingly,
Verity is obligated to produce responsive documents.

**Request No. 3**

Request No. 3 seeks documents concerning "Verity's hiring and supervision of Sameer
Kalbag, Jill Foley, Peter Amme, Damian Brown and Jackson Warden since October 1,
2006." Please confirm that Verity will produce all documents regarding the hiring of the five
employees. Verity has objected and refuses to produce documents regarding the supervision
of the specified employees on the basis that the documents sought are not relevant and that it
seeks documents protected by privilege.

Request No. 3 seeks relevant documents both regarding the hiring and the supervision of the
specified employees. This information is discoverable because it relates directly to
Convera's misappropriation claim, as discussed above with regard to Request No. 2.
Documents protected by privilege should be treated in accordance with applicable rules.

**Request No. 4**

Request No. 4 seeks documents concerning "the recruiting of present or former employees of
Convera." Verity has refused to produce any documents relating to Request No. 4 on the
bases that it seeks irrelevant documents, and that it is overly broad and vague.

Request No. 4 is a narrowly-tailored request calling for documents relating only to present or
former employees of Convera. To the extent that Verity possesses a high volume of
documents reflecting its solicitation of current and/or former employees of Convera, I am
willing to discuss with you the production of documents relating to recruiting of any present
or former employees of Convera since on or after October 1, 2006.

**Request No. 5**

Request No. 5 seeks documents concerning "Verity's corporate structure with regard to
Autonomy plc and Autonomy, Inc., since October 1, 2006." Please confirm that Verity will
produce all documents regarding this topic.

**Request No. 6**

Request No. 6 seeks documents concerning "communications between and among sales
personnel regarding new customers and business development of search software in the
public sector since April 1, 2007." Verity has refused to produce any documents relating to

# K&L|GATES

J. Kevin Fee, Esq.
July 26, 2007
Page 7

Request No. 6 on the bases that it seeks irrelevant information, is overly broad, unduly burdensome, and oppressive.

Request No. 6 calls for documents directly relevant to the claims in this case. Specifically, responsive documents would relate directly to Convera's misappropriation claim against Autonomy Corporation plc and Autonomy, Inc. Such documents are probative of Convera's former employees' use of Convera's trade secrets and/or other proprietary information in their employment at Verity. Further, Request No. 6 is limited in time and scope and is thus not overly broad or unduly burdensome.

**Request No. 7**

Request No. 7 seeks "documents concerning, evidencing and/or relating to Convera which were created, received, reviewed, transmitted and/or used by Verity since October 1, 2006." Verity has refused to produce any documents relating to Request No. 7 on the bases that it seeks irrelevant information, is overly broad, unduly burdensome, and oppressive.

Request No. 7 is narrowly-tailored in that it calls only for documents concerning Convera and is further limited in time. Such documents are relevant to Convera's misappropriation and breach of contract claims because they would show whether Verity has solicited customers from Convera or misuse Convera's confidential information. As such, Verity's refusal to respond is unreasonable.

We have explained above why each of the topics and document requests seeks discoverable information and addressed any of the specific points which you raised in your objections. However, none of your objections specify why the topic or request is overly burdensome. We suggest a discovery conference pursuant to court rules to better understand any specific reasons you may have regarding each of your objections, and may be at that time willing and able to narrow the issues for discovery. We propose such a conference be held by telephone on Wednesday, August 2, at 11 a.m.

K&L|GATES

J. Kevin Fee, Esq.
July 26, 2007
Page 8

In any event, please confirm, by 5:00 p.m. on August 1, 2007, that Verity will provide
testimony and will produce all documents in its possession and/or control that are responsive
to the Subpoena.  Please also identify, by 5:00 p.m. on August 1, 2007 when Verity will
serve responsive documents on Convera and whether Verity is willing to engage in a
discovery conference to narrow any issues with regard to the discovery and whether the
proposed time above is amenable to you for such a conference.

Very truly yours,

Eileen E. Pott

cc:     Eric C. Rusnak

# EXHIBIT D

| | |
|---|---|
| **From:** | Kenneth Loanzon <kloanzon@autonomy.com> |
| **Sent:** | Monday, April 23, 2007 5:15 PM |
| **To:** | Jennifer Nguyen <jnguyen@verity.com>; Michelle Taraya Paonessa <mtaraya@verity.com> |
| **Subject:** | FW: EAF-Brown, Damian Thomas (HIRE 04-25-07) |
| **Attach:** | EAF-Brown, Damian Thomas (HIRE 04-25-07).doc |

Hello Jennifer and Michelle,

Tina told me that this new hire is under our umbrella (sv office), could please create an account for him start 04-25-07

Thank you,
Kenneth

---

**From:** Tina Wali
**Sent:** Monday, April 23, 2007 12:41 PM
**To:** David Wilbur; Kenneth L.
**Subject:** FW: EAF-Brown, Damian Thomas (HIRE 04-25-07)
**Importance:** High

Just received a call from James G in SF... He said that Damian called him to ask about his equipment. He has not received anything.

Can either of you touch basis with Damian and let him know the status?

Thanks
Tina

---

**From:** Mitra Asghar
**Sent:** Wednesday, April 11, 2007 1:41 PM
**To:** alex Farrer; Andrew Kanter (Autonomy); Cuong Huynh; Cynthia Watkins; Frank Pao; Jennifer Nguyen; Kerrie Wheelock Clark; Mark Langowski; Mitra Asghar; Richard Marsh; Shannon Teele; Stacey Dougherty; Stacy Davis; Stephen Chamberlain; Sushovan Hussain; Tina Wali; Tracy Lewis; Zaven Khachadourian
**Cc:** mservice@autonomy.com; Brant West
**Subject:** EAF-Brown, Damian Thomas (HIRE 04-25-07)

**Mitra Asghar**
*Staffing Coordinator*
Autonomy
892 Ross Drive
Sunnyvale, CA 94089
Phone: (408) 542-2372
Fax: (408) 542-4609
mitraa@autonomy.com
www.autonomy.com

AUTO003091

**From:**     Jennifer Nguyen <jnguyen@autonomy.com>
**Sent:**     Monday, May 7, 2007 12:41 PM
**To:**       alex Farrer <alexf@autonomy.com>; Andrew Kanter (Autonomy)
              <andrewkanter@verity.com>; Cuong Huynh <chuynh@verity.com>; Cynthia Watkins
              <cynthiaw@us.autonomy.com>; David Wilbur <dwilbur@verity.com>; Frank Pao
              <frankp@us.autonomy.com>; Jennifer Nguyen <jnguyen@verity.com>; Kerrie
              Wheelock Clark <kwheeloc@verity.com>; Laura Dann <ldann@verity.com>; Mark
              Langowski <mlangows@verity.com>; Mitra Asghar <mitraa@verity.com>; Richard
              Marsh <richardm@verity.com>; Shannon Teele <steele@verity.com>; Stacey
              Dougherty <sdougher@verity.com>; Stacy Davis <sdavis@verity.com>; Stephen
              Chamberlain <stephenchamberlin@verity.com>; Sushovan Hussain
              <sushovanhussain@verity.com>; Tina Wali <twali47152275@verity.com>; Tracy Lewis
              <tracylewis@verity.com>
**Subject:**  EAF - Amme, Peter (HIRE 05.07.07)
**Attach:**   EAF-Amme, Peter (HIRE 05.07.07).doc

Jennifer Nguyen
Human Resources
*AUTONOMY*
p. 408.542.2167
f. 408.542.4609
jnguyen@autonomy.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

CONVERA CORPORATION
1921 Gallows Road
Suite 200
Vienna, VA 22182,

                Plaintiff,

v.

VERITY, INC.

                Defendant.

Civil Action No.

## [PROPOSED] ORDER

Having reviewed Plaintiff's Motion to Enforce its Subpoena to Verity, Inc. ("Motion")

the Memorandum in Support of the Motion and related papers filed with the Motion, it is hereby:

ORDERED that Plaintiffs' Motion is GRANTED; and it is further

ORDERED that Verity, Inc. is hereby ordered to produce all documents responsive to

Convera's Subpoena; and it is further

ORDERED that Verity, Inc. is hereby ordered to designate an individual to provide

testimony at deposition in response to Convera's Subpoena; and it is further

ORDERED that Verity, Inc.'s production of documents shall be made to counsel for

Convera within five (5) days of this Order.

IT IS SO ORDERED.


Dated:_____

                                _____
                                United States District Court Judge

Copies to:

J. Kevin Fee
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
**Attorney for Verity, Inc.,**
**Autonomy Corporation plc,**
**Autonomy, Inc. Sameer Kalbag**
**and Jill Foley**

Eric C. Rusnak
Kirkpatrick & Lockhart
      Preston Gates Ellis LLP
1601 K Street, N.W.
Washington, DC 20006
**Attorney for Convera Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September, 2007, a true and correct copy of the

foregoing document was served via federal express upon the following:

> J. Kevin Fee
> Morgan, Lewis & Bockius LLP
> 1111 Pennsylvania Avenue, NW
> Washington, D.C. 20004
> **Attorney for Verity, Inc., Autonomy**
> **Corporation plc, Autonomy, Inc. Sameer Kalbag**
> **and Jill Foley**


Eric C. Rusnak (D.C. Bar No. 491254)
Attorney for Convera Corporation
Kirkpatrick & Lockhart
      Preston Gates Ellis LLP
1601 K Street, N.W.
Washington, DC 20006
Telephone: 202-778-9000
Fax:    202-778-9100
eric.rusnak@klgates.com