UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONVERA CORPORATION<br><br>            Plaintiff,<br><br>    v.<br><br>VERITY, INC.<br>2880 San Tomas Expressway<br>Suite 130<br>Santa Clara, CA 95051<br><br>            Defendant. | Civil Action No. 1:07-mc-00373-JR |

**MOTION TO FILE UNDER SEAL**

Defendant Verity, Inc., by its undersigned counsel, respectfully moves the Court for leave to file under seal Defendant Verity, Inc.'s Memorandum of Law in Opposition to Plaintiff Convera Corporation's Motion to Enforce its Subpoena and the corresponding exhibits.

The foregoing papers include documents, and language from such documents, that Plaintiff Convera Corporation ("Convera") and Autonomy Corporation plc[1] have identified as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of the June 20, 2007 Stipulated Order Regarding Confidentiality of Discovery Material in the pending lawsuit Convera filed in the United States District Court for the Eastern District of Virginia, Convera Corp. v. Autonomy Corporation plc et al., No. 1:07-cv-00425.  (A true and correct copy of the Stipulated Order is attached hereto as Exhibit A.)  Paragraph 2 of the Stipulated Order mandates that any document or pleading containing material such as that referenced above be filed under seal.  Verity, Inc. seeks to comply with the terms of the Stipulated Order.

---

[1] Verity, Inc. is a wholly-owned subsidiary of Autonomy Corporation plc.

WHEREFORE, Verity, Inc. respectfully requests that the papers listed above be filed under seal.

Respectfully submitted,

Dated: October 9, 2007

\_\_\_/s/_____
J. Kevin Fee  (DC Bar No. 494016)
Russell R. Bruch  (DC Bar No. 503288)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone: 202.739.3000
Facsimile: 202.739.3001
jkfee@morganlewis.com
rbruch@morganlewis.com

Attorneys for Defendant Verity, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONVERA CORPORATION<br><br>                Plaintiff,<br><br>     v.<br><br>VERITY, INC.<br>2880 San Tomas Expressway<br>Suite 130<br>Santa Clara, CA 95051<br><br>                Defendant. | Civil Action No. 1:07-mc-00373-JR |

## ORDER

Upon consideration of Defendant Verity, Inc.'s Motion to File Under Seal its Memorandum of Law in Opposition to Plaintiff Convera Corporation's Motion to Enforce its Subpoena and the corresponding exhibits, it is this _____ day of _____, 2007, hereby **ORDERED** that Defendant's Motion to File Under Seal its Memorandum of Law in Opposition to Plaintiff Convera Corporation's Motion to Enforce its Subpoena and the corresponding exhibits is **GRANTED**.

 

                                                        _____
                                                        James Robertson
                                                       United States District Judge for the
                                                        United States District Court for the District
                                                        of Columbia

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2007, a true and correct copy of the foregoing Motion to File Under Seal and proposed Order, was served using the Court's CM/ECF system, with electronic notification of such filing on:

> Eric C. Rusnak, Esquire
> eric.rusnak@klgates.com
> Kilpatrick & Lockhart Preston Gates Ellis LLP
> 1601 K Street N.W.
> Washington, D.C. 20006

I also hereby certify that the foregoing was mailed via First Class Mail, postage prepaid on the following non-users:

> John J. Cotter, Esquire
> Eileen E. Pott, Esquire
> Kilpatrick & Lockhart Preston Gates Ellis LLP
> State Street Financial Center
> One Lincoln Street
> Boston, MA 02111
>
> Attorneys for Plaintiff Convera Corporation.
>
> _____/s/_____
> Russell R. Bruch (D.C. Bar No. 503288)
> MORGAN, LEWIS & BOCKIUS LLP
> 1111 Pennsylvania Avenue, NW
> Washington, D.C. 20004
> Telephone: 202.739.3000
> Facsimile: 202.739.3001
> rbruch@morganlewis.com
>
> Attorneys for Defendant Verity, Inc.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)



CONVERA CORPORATION,

Plaintiff,

v.

AUTONOMY CORPORATION plc, *et al.*,

Defendants.

Civil Action No. 1:07-cv-00425-GBL-TCB

## STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL

Whereas, the parties have stipulated that certain material and information disclosed during discovery may need to be treated as confidential information;

It is this 20th day of June, 2007, by the United States District Court for the Eastern District of Virginia, ORDERED as follows:

1. Designation of Discovery Materials as Confidential ("Protected Material"). A party may designate documents, testimony, and information produced during the course of discovery as "Confidential Information" and "Confidential – Attorneys Eyes Only" (collectively, "Protected Material"), as set forth below:

    (a) The designation of Protected Material shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY." One who provides material may designate it as Protected Material only when such person in good faith believes it contains sensitive personal information, personnel information, information subject to prior confidentiality agreements, trade secrets or other confidential

research, development, or commercial information. Except for documents produced for inspection, the designation of Protected Material shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection, such documents may be produced for inspection before being marked as Protected Material subject to this Order. Once specific documents have been designated for copying, any documents containing Protected Material will then be marked either "Confidential" or "Confidential – Attorneys Eyes Only" after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of Protected Material documents before they are copied and marked as Protected Material pursuant to this procedure.

(b) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed Protected Material only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript, including any testimony which describes a document which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY," as described above.

(c) (i) INFORMATION OR DOCUMENTS DESIGNATED AS "CONFIDENTIAL" UNDER THIS ORDER SHALL NOT BE USED OR DISCLOSED BY THE PARTIES OR COUNSEL FOR THE PARTIES OR ANY PERSONS IDENTIFIED IN SUBPARAGRAPH (D) BELOW FOR ANY PURPOSES WHATSOEVER OTHER THAN PREPARING FOR AND CONDUCTING THE

LITIGATION IN WHICH THE INFORMATION OR DOCUMENTS WERE DISCLOSED (INCLUDING APPEALS).

(ii) INFORMATION OR DOCUMENTS DESIGNATED AS "CONFIDENTIAL – ATTORNEYS EYES ONLY" UNDER THIS ORDER SHALL NOT BE USED OR DISCLOSED BY THE PARTIES OR COUNSEL FOR THE PARTIES OR ANY PERSONS IDENTIFIED IN SUBPARAGRAPH (E) BELOW FOR ANY PURPOSE WHATSOEVER OTHER THAN PREPARING FOR AND CONDUCTING THE LITIGATION IN WHICH THE INFORMATION OR DOCUMENTS WERE DISCLOSED (INCLUDING APPEALS).

(d) **The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:**

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of this lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order. (See Attachment A).

(iii) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence. (See Attachment A).

(e) **Counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:**

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of this lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order. (See Attachment A).

(iii) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by counsel for the parties to assist in the preparation and trial of the lawsuit, so long as such consultants, investigators,

or experts do not simultaneously perform any other services for any party to this litigation. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence. (See Attachment A).

   (iv) **Under no circumstances shall Protected Material marked as "CONFIDENTIAL – ATTORNEYS EYES ONLY" be shared, disclosed to, or discussed with any other individual or entity not identified in subparagraphs (d)(i) to (d)(iii) above, including clients, client representatives, agents, affiliates, or third parties in this litigation, without the prior written consent of counsel. In addition, undersigned counsel will take all steps necessary to ensure that any Protected Material designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be shielded from any individual or entity not identified in subparagraphs (d)(i) to (d)(iii) above.**

 (f) Except as provided in subparagraphs (d) and (e) above, counsel for the parties shall keep all documents designated as Protected Material which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

 (f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS EYES ONLY" if these legends do not already appear.

2.  Protected Material Filed with Court. Any motion to file documents under seal, including a motion for entry of a protective order containing provisions for filing documents under seal, must comply with Local Rule 5 and be docketed for a hearing or made in open court. The motion must state sufficient facts supporting the action brought, and each proposed order must include specific findings.

Any information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY when filed with the Court shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order, and the party filing such information shall take all steps necessary to comply with any prerequisites, requirements or obligations the Court may impose for designating materials as being filed under seal. The party filing any paper which reflects, contains or includes any confidential information designated as Protected Material subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, and the appropriate designation.

3.  Party Seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

4. Challenging Designation of Protected Material. A designation of Protected Material may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

5. Inadvertent failure to designate Protected Material shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by written notification to the recipient promptly upon discovery of the failure to designate.

6. Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product doctrine, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the recipient agrees that, upon request from the producing party, it shall promptly return all copies of documents containing the privileged information, delete any versions of the documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

7. In the event that Plaintiff or Defendant or their counsel obtain information from a third party that Plaintiff or Defendant believes to be confidential, they may designate such information as Protected Material pursuant to this Order and it shall be treated as such in accordance with this Order.

8. If in the course of this litigation, discovery is sought from non-parties that would require such non-parties to produce and/or disclose confidential information, such non-parties may gain the protection of this Order by agreeing in writing to produce documents pursuant to this Order and to be bound by it.

9.  Return of Protected Material at Conclusion of Litigation. At the conclusion of the litigation, all material treated as Protected Material under this Order and not received in evidence shall be made available for return to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

10. The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

So Ordered.

/s/
Theresa Carroll Buchanan
~~United States Magistrate Judge~~
Theresa Carroll Buchanan
United States District Court for the
Eastern District of Virginia

AGREED AND STIPULATED TO:

*[signature]*

Eric C. Rusnak (VSB No. 65895)
Eric.Rusnak@klgates.com
KIRKPATRICK & LOCKHART PRESTON
    GATES ELLIS LLP
1601 K Street, NW
Washington, D.C. 20006
(202) 778-9000

OC COUNSEL:
John J. Cotter
Eileen E. Pott
KIRKPATRICK & LOCKHART PRESTON
    GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

*Counsel for Plaintiff Convera Corporation*

*[signature]*

Charles P. Groppe (VSB No. 41504)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C., 20004
(202) 739-3000
(202) 739-3001 Fax
cgroppe@morganlewis.com

OF COUNSEL:
Russell Bruch (Admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 739-3000
(202) 739-3001 (Fax)

*Attorneys for Defendants Autonomy Corporation plc and Autonomy, Inc.*

EXHIBIT A

## AGREEMENT CONCERNING INFORMATION COVERED BY A CONFIDENTIALITY ORDER

The undersigned hereby acknowledges that he has read the Confidentiality Order ("Order") in Convera Corporation v. Autonomy Corporation, plc et al., Civil Action No. 1:07CV00425 (GBL/LO), and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself personally to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him other than in accordance with the Order.

Dated: _____, 2007

By: _____

_____
(Type or print name of individual)

Of: _____
      Name of Employer

1-WA/2756713.3